## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-SA-02069-COA

ROY MCCRORY AND CAROL MCCRORY                          APPELLANTS

v.

MISSISSIPPI DEPARTMENT OF REVENUE                          APPELLEE

DATE OF JUDGMENT:                   11/25/2013
TRIAL JUDGE:                        HON. DENISE OWENS
COURT FROM WHICH APPEALED:          HINDS COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANTS:            JAMES GARY MCGEE
ATTORNEYS FOR APPELLEE:             LAURA HUDDLESTON CARTER
                                    JAMES L. POWELL
NATURE OF THE CASE:                 CIVIL - STATE BOARDS AND AGENCIES
TRIAL COURT DISPOSITION:            GRANTED APPELLEE'S MOTION FOR
                                    SUMMARY JUDGMENT
DISPOSITION:                        AFFIRMED: 12/16/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.    Roy and Carol McCrory failed to file their income tax returns for the years 2005,

2006, 2007, and 2008.   The Mississippi Department of Revenue (MDOR) took action to

collect what it had determined the McCrorys owed the State for those delinquent years.  On

June 28, 2013, the McCrorys filed for a declaratory judgment and injunctive relief against

MDOR.  After discovery, MDOR filed a motion to dismiss, or in the alternative, a motion

for summary judgment.   The chancery court granted MDOR's motion for summary

judgment.  We affirm the chancery court's ruling.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On April 8, 2011, MDOR mailed the McCrorys a "Notice of Individual Income Tax Due Delinquent Assessment" for the years of 2005, 2006, 2007, and 2008, pursuant to Mississippi Code Annotated section 27-7-53 (Rev. 2010).[1] The McCrorys acknowledge that they received the letter and that they failed to file tax returns for the years listed. MDOR's letter stated that, based on information obtained from the Internal Revenue Service, adjustments were made to the McCrorys' state income tax liability, which included unpaid taxes, penalties, and interest. MDOR further instructed the McCrorys on how to respond to the letter: (1) they could pay the amount due, or (2) they could appeal the matter to the MDOR Board of Review within sixty days of the assessment. In addition, MDOR warned the McCrorys that failure to pay or take action within sixty days would result in collection procedures. The McCrorys did nothing.

¶3.     In August 2011, MDOR filed seven separate tax liens against the McCrorys, totaling $32,967, and commenced garnishment of the McCrorys' wages. On December 12, 2012, the McCrorys sent MDOR the tax returns for the years assessed; this information showed the McCrorys actually had a higher income and owed more taxes than MDOR had calculated. Consequently, MDOR made adjustments based on that information and on February 4, 2013, mailed a notice of the changes to the McCrorys, showing a remaining balance of $10,962.12.

---

[1] Mississippi Code Annotated sections 27-7-49, 27-7-53, and 27-77-5 were amended after this action commenced. Thus, our analysis in this case relies on the statutes as they existed before these amendments were made unless indicated otherwise.

¶4. Four months later, the McCrorys filed a complaint against MDOR in Hinds County Chancery Court. The complaint stated that MDOR was engaging in an unlawful collection of their wages. Specifically, the McCrorys argued that they did not receive proper notice in the form of certified mail as provided in Mississippi Code Annotated section 27-7-49 (Rev. 2010).

¶5. MDOR subsequently filed a motion to dismiss, or in the alternative, for summary judgment. Essentially, MDOR argued that the chancery court lacked jurisdiction, citing the appellate procedure available in section 27-7-53. MDOR supplemented its argument with evidence showing its compliance with section 27-7-53. As a result, the motion to dismiss was converted into a motion for summary judgment.[2]

¶6. Following a hearing on October 8, 2013, both parties filed memoranda. On November 25, 2013, the court granted MDOR's motion for summary judgment. The court reasoned that section 27-7-53 was controlling and that MDOR had complied with those statutory requirements. The court also stated that the McCrorys failed to submit any evidence in support of their argument. The McCrorys appealed.

## STANDARD OF REVIEW

¶7. As an appellate court, we "review[] a trial court's grant or denial of a motion for

---

[2] Mississippi Rule of Civil Procedure 12(b) states:

If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .

3

summary judgment or a motion to dismiss under a de novo standard." *Copiah County v. Oliver*, 51 So. 3d 205, 207 (¶7) (Miss. 2011) (citation omitted).

¶8. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "The party requesting summary judgment bears the burden of demonstrating that no genuine issue of material fact exists." *Buckel v. Chaney*, 47 So. 3d 148, 153 (¶10) (Miss. 2010) (citation omitted). When the moving party sufficiently supports its motion, "[the nonmoving] party may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e).

## ANALYSIS

¶9. Mississippi Code Annotated section 11-13-11 (Rev. 2004) grants chancery courts jurisdiction over taxpayer claims "to restrain the collection of any taxes levied or attempted to be collected without authority of law." But that jurisdiction cannot be conferred unless injunctive relief is proper:

> In determining whether injunctive relief is proper, particularly under section 11-13-11, trial courts apply the following three-part guideline: (1) whether the aggrieved taxpayer alleges an inadequate remedy at law in his complaint; (2) whether there is not an adequate remedy at law available to the aggrieved taxpayer; and (3) whether the taxpayer's allegations of fact, if proven to be true, warrant a conclusion that the taxes are being collected or levied without authority of law.

*Bankston v. Miss. Dep't of Revenue*, 95 So. 3d 1275, 1277-78 (¶7) (Miss. Ct. App. 2012).

MDOR chiefly argued that the chancery court lacked jurisdiction since the McCrorys had an "adequate remedy at law" by way of the appeals process to the Board of Review and failed to avail themselves of that remedy. As part of its motion, MDOR attached (1) a copy of the 2011 tax assessment, (2) the letter mailed to the McCrorys on February 4, 2013, and (3) an affidavit from the MDOR's Chairman of the Board of Review, which stated that the Board had no record of any appeal by the McCrorys.

¶10. Mississippi Code Annotated section 27-7-53 (Rev. 2010) provides:

> If no return is made by a taxpayer required by this chapter to make a return, the commissioner shall determine the taxpayer's liability from the best information available, which determination shall be prima facie correct for the purpose of this article, and the commissioner shall forthwith make an assessment of the tax so determined to be due by mail or by personal delivery of the assessment to the taxpayer, which assessment shall constitute notice and demand for payment. The taxpayer shall be given a period of sixty (60) days from the date the commissioner mailed or hand delivered the notice in which to pay the tax due, including penalty and interest as hereinafter provided, and if the sum is not paid within the period of sixty (60) days, the commissioner shall proceed to collect it under the provisions of Sections 27-7-55 through 27-7-67 of this article; provided that within the period of sixty (60) days the taxpayer may appeal to the Board of Review as provided by law.

¶11. Mississippi Code Annotated section 27-77-5(1) (Rev. 2010) states:

> Any taxpayer aggrieved by an assessment of tax by the agency, by the agency's denial of a refund claim, or by the denial of a waiver of tag penalty, and who wishes to contest the action of the agency shall, within sixty (60) days from the date of the action, file an appeal in writing with the board of review requesting a hearing and correction of the contested action specifying in detail the relief requested and any other information that might be required by regulation . . . .

¶12. The McCrorys do not challenge the appellate procedure for sections 27-7-53 and 27-77-5. Rather, they hinge their argument on Mississippi Code Annotated section 27-7-49

5

(Rev. 2010), claiming that they should have received notice by ***certified mail***.  Section 27-7-49 states:

> (1) Returns shall be examined by the commissioner or his duly authorized agents within three (3) years from the due date or the date the return was filed, whichever is later, and no determination of a tax overpayment or deficiency shall be made by the commissioner, and no suit shall be filed with respect to income within the period covered by such return, after the expiration of said three-year period . . . .

> (2) When an examination of a return made under this article has been commenced, and the taxpayer notified thereof, either by certified mail or personal delivery by an agent of the commissioner, within the three-year examination period provided in subsection (1) of this section, the determination of the correct tax liability may be made by the commissioner after the expiration of said three-year examination period, provided that said determination shall be made with reasonable promptness and diligence.

¶13.    The McCrorys assert that the "inconsistencies" in sections 27-7-49 and 27-7-53, particularly the notice requirements, allow MDOR to manipulate taxpayers.  Further, the McCrorys claim that section 27-7-49 is ambiguous.

¶14.    There is no ambiguity in section 27-7-49. This section deals strictly with examination of properly filed returns.[3]  The McCrorys acknowledge they failed to file any tax returns for the specified years until *after* the assessment under section 27-7-53 had taken place, *after* they had been so notified, and *after* collection activities had commenced.  There had been

---

[3] Section 27-7-49 was amended in 2013 to specifically provide that individuals like the McCrorys are excluded from its application.  Now, the statute does not apply "[t]o any tax period for which the taxpayer failed to file a return, in which case the tax, including any applicable penalties and interest, may be assessed by the commissioner at any time and the tax, penalties and/or interest so assessed may be collected by the commissioner . . . ." Miss. Code Ann. § 27-7-49(2)(a).

6

no examination of returns prior to MDOR's 2011 assessment because there were no returns to examine. Therefore, MDOR was required to make an assessment under section 27-7-53 and deliver notice of the assessment personally or by regular mail to the McCrorys, which it did, along with notice to them of their statutory right to appeal within sixty days.

¶15. Ultimately, we find that the McCrorys failed to present any evidence showing a genuine issue of material fact and that under those undisputed facts before her, the chancellor did not err in granting summary judgment in favor of MDOR.

¶16. **THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.**

7