## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01226-COA

**ROBERT L. WILLIAMS, JR.**                                                    **APPELLANT**

**v.**

**ED MORGAN, IN HIS OFFICIAL CAPACITY AS**                          **APPELLEE**
**THE COMMISSIONER OF REVENUE OF THE**
**MISSISSIPPI DEPARTMENT OF REVENUE**

DATE OF JUDGMENT:                  07/15/2015
TRIAL JUDGE:                       HON. PATRICIA D. WISE
COURT FROM WHICH APPEALED:         HINDS COUNTY CHANCERY COURT,
                                   FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:            JAMES GARY MCGEE JR.
ATTORNEYS FOR APPELLEE:            JAMES L. POWELL
                                   JON FRANCIS CARMER JR.
NATURE OF THE CASE:                CIVIL - STATE BOARDS AND AGENCIES
TRIAL COURT DISPOSITION:           GRANTED APPELLEE'S MOTION TO
                                   DISMISS
DISPOSITION:                       AFFIRMED - 09/06/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., CARLTON, WILSON AND GREENLEE, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Robert Williams appeals the Hinds County Chancery Court's judgment dismissing his complaint against the Mississippi Department of Revenue (MDOR) for lack of subject-matter jurisdiction. The MDOR and its predecessor, the Mississippi State Tax Commission (Commission), mailed numerous notices to Williams at his home address for assessed taxes owed on Williams's 1998, 2000, 2007, 2008, and 2009 income-tax returns. At oral argument, Williams agreed that the address identified in the MDOR's records was his correct

home address. After Williams failed to timely appeal each assessment through the MDOR's administrative appeals procedure, the MDOR enrolled a tax lien against Williams for each tax liability. The MDOR then sought to garnish Williams's wages to collect the liabilities.

¶2. In 2013, Williams filed a complaint in chancery court against the MDOR. Williams challenged the assessed tax liabilities against him, and he sought a declaratory judgment and injunctive relief against the MDOR for its collection activities related to the assessments. Williams argued that the chancellor possessed subject-matter jurisdiction under Mississippi Code Annotated section 11-13-11 (Rev. 2004) because the MDOR had attempted to collect the liabilities from him "without authority of law." The MDOR subsequently filed a motion to dismiss Williams's complaint with prejudice under Mississippi Rule of Civil Procedure 12(b)(1). The MDOR asserted that the chancellor lacked subject-matter jurisdiction since Williams failed to exhaust his administrative remedies before filing his lawsuit. The MDOR also argued that, in accordance with applicable statutes, it had provided Williams proper notice of each of the assessed tax liabilities.

¶3. After finding that Williams failed to exhaust, or to even pursue, the administrative remedies available to him, the chancellor determined that she lacked subject-matter jurisdiction to entertain the merits of Williams's complaint. As a result, the chancellor granted the MDOR's motion to dismiss. Aggrieved by the chancellor's judgment dismissing his complaint, Williams appeals.

¶4. Upon review, we find no abuse of discretion in the chancellor's finding that the MDOR provided Williams with sufficient notice of the tax assessments against him. We

therefore find no error in the chancellor's grant of the MDOR's motion to dismiss. Accordingly, we affirm the chancellor's judgment.

## FACTS

### a. Williams's 1998 Tax Assessment

¶5. On April 7, 2003, the MDOR's predecessor, the Commission, received a non-remit income-tax return[1] from Williams for the 1998 tax period. The MDOR subsequently issued Williams an assessment for the taxes still owed on his 1998 tax return. The MDOR's electronic record system indicated that the MDOR mailed the assessment to Williams's home address by certified mail[2] on April 11, 2003, and that Williams received the assessment the following day on April 12, 2003.[3] As authorized by statute, the MDOR kept an electronic record of the information confirming Williams's receipt of the assessment rather than retaining the actual return receipt itself. *See* Miss. Code Ann. § 27-3-83(3) (Rev. 2003).

---

[1] As explained in the record, a non-remit income-tax return "means that income tax is due and owing per the face of the return . . . but that the taxpayer failed to include a payment for the same with the return . . . ."

[2] Although the MDOR's records indicate that it mailed the assessment to Williams by certified mail, Mississippi Code Annotated section 27-7-53(1) (Rev. 2003) only required the MDOR to send the assessment by regular mail or by personal delivery.

[3] During the hearing on the MDOR's motion to dismiss, the chancellor questioned how the MDOR could have mailed Williams a notice on one day and then received confirmation of his receipt the following day. In response, the MDOR's attorney explained:

> [M]y understanding is that the staff at [the MDOR's] collections bureau . . . receives the mail when it comes in. The mail may have come in several days later. The green card[, or the certified-mail return receipt,] may have come in several days later. But that green card is stamped with the date that it was picked up by the taxpayer. And that information is entered into the data field for this taxpayer's account.

¶6.	Under Mississippi Code Annotated section 27-7-71 (Rev. 2003), Williams possessed thirty days to appeal the assessment to the MDOR's Board of Review.[4] The record reflects that, because Williams failed to timely appeal the assessment, the assessment became final. On June 12, 2003, the MDOR enrolled a seven-year lien with the Hinds County Clerk's Office for Williams's 1998 tax liability. After the lien was properly enrolled, the MDOR obtained a warrant to garnish Williams's wages to collect the amount owed. The record then reflects that, on July 8, 2010, just over a month after the lien lapsed, the MDOR reenrolled the lien to continue to collect Williams's tax liability for 1998.[5] On February 11, 2013, the MDOR notified the clerk's office that the lien had been fully paid.

### b.	Williams's 2000 Tax Assessment

¶7.	As with his 1998 tax return, Williams again filed a non-remit income-tax return for the 2000 tax period. The MDOR's records indicated that, on May 7, 2003, the MDOR issued an assessment to Williams on his tax return for 2000 by certified mail. The MDOR's records

---

[4] At the time Williams received tax assessments on his 1998 and 2000 tax returns, section 27-7-71 provided the applicable means for an aggrieved taxpayer to appeal an income-tax assessment against him. However, effective July 1, 2005, Mississippi Code Annotated section 27-77-5 (Rev. 2005) repealed section 27-7-71 and provided the new means for an aggrieved taxpayer to appeal an assessment against him. Thus, while section 27-7-71 applied to the assessments against Williams for his 1998 and 2000 tax returns, section 27-77-5 provided the applicable appellate procedure for the assessments related to Williams's 2007, 2008, and 2009 income-tax returns.

[5] At the hearing on its motion to dismiss, the MDOR contended that, even though its lien against Williams's 1998 tax liability lapsed, the MDOR possessed the authority to still reenroll its lien. Citing the Mississippi Constitution, as well as Mississippi caselaw and statutory law, the MDOR argued that the statute of limitations did not run against the MDOR, as a political subdivision of the State. Instead, the MDOR asserted that the lapse simply caused its reenrolled lien to lose priority to any other properly recorded liens.

4

further showed that the MDOR received proof on May 8, 2013, that Williams received the assessment. As with the assessment on his 1998 tax return, Williams failed to timely appeal the assessment on his 2000 tax return within the thirty-day period provided by section 27-7-71. On July 8, 2003, after the assessment on Williams's 2000 tax return became final, the MDOR enrolled a lien against Williams and then sought to garnish Williams's wages. On June 18, 2010, within the seven-year period, the MDOR reenrolled its lien against Williams. On February 11, 2013, the MDOR notified the clerk's office that the lien had been fully paid.

### c. Williams's 2007 Tax Assessment

¶8. On February 3, 2010, Williams filed his 2007 income-tax return, which Lauren Windmiller from the MDOR audited. On June 7, 2010, Windmiller mailed Williams a letter by regular mail.[6] Windmiller's letter notified Williams that he owed additional taxes for 2007 and that the MDOR had not yet received Williams's tax returns for 2008 and 2009. The letter instructed Williams to send his 2008 and 2009 tax returns to Windmiller within thirty days.

¶9. On June 8, 2010, the MDOR issued Williams a final assessment notice by regular mail for the additional taxes owed on Williams's 2007 tax return.[7] Williams failed to timely appeal to the Board of Review, and the MDOR's assessment on his 2007 tax return became final. The MDOR then filed a lien and sought to collect on Williams's 2007 tax liability by

---

[6] *See* Miss. Code Ann. § 27-7-51(1) (Supp. 2009) (providing that, where a taxpayer files his return but the correct amount of tax is greater than that shown on the return, the MDOR shall send to the taxpayer "by mail or by personal delivery" its assessment of the additional amount owed).

[7] *See id.*

garnishing his wages. The MDOR's records indicate that the MDOR mailed Williams a "Notice of Tax Lien" regarding his 2007 tax liability. In addition, on July 9, 2010, the MDOR mailed Williams a notice stating that Williams would no longer be entitled to his homestead exemption due to his noncompliance with Mississippi income-tax laws. According to the MDOR's records, Williams never responded to any of these multiple notices.

### d. Williams's 2008 Tax Assessment

¶10. On July 14, 2010, after Williams failed to comply with Windmiller's instructions to provide his 2008 and 2009 tax returns, the MDOR issued Williams an assessment by regular mail for the unpaid taxes owed on his 2008 tax return.[8] Williams again failed to timely appeal the MDOR's assessment. As a result, the assessment on Williams's 2008 tax return became final, and the MDOR proceeded to collect by enrolling a lien and garnishing Williams's wages.

### e. Williams's 2009 Tax Assessment

¶11. On October 24, 2010, the MDOR issued Williams an assessment by regular mail for the unpaid taxes on his 2009 tax return.[9] Like the previous assessments, Williams failed to timely appeal. Thus, when the assessment became final, the MDOR pursued collection of the amount owed on Williams's 2009 tax return by enrolling a lien and garnishing Williams's

---

[8] *See* Miss. Code Ann. § 27-7-53(2) (Supp. 2009) (providing that, where a taxpayer fails to file a tax return, the MDOR shall determine the taxpayer's liability from the best information available and then send the taxpayer the assessment "by mail or by personal delivery").

[9] *See id.*

6

wages.

¶12. As the record reflects, after properly enrolling its liens against Williams for his assessed tax liabilities, the MDOR sought to collect the amounts owed. Although the MDOR garnished Williams's wages multiple times, Williams testified in his deposition that he only became aware of the wage garnishments in 2010. Williams testified that he sought to deal with the garnishments by asking state representatives to contact the MDOR on his behalf and by having attorneys take either formal or informal action against the MDOR. The record fails to reflect, however, that Williams ever requested a refund from the MDOR for any improper garnishment of his wages. *See* Miss. Code Ann. § 27-7-313 (Rev. 2013) (providing for taxpayer refunds where an overpayment of taxes occurs due to "excessive withholding, error on the part of the taxpayer, erroneous assessment of tax, or otherwise").

       **f.**     **Williams's Complaint for a Declaratory Judgment and the MDOR's Motion to Dismiss**

¶13. As acknowledged, on January 18, 2013, Williams filed a complaint against the MDOR in chancery court. Williams sought a declaratory judgment as to the validity of the MDOR's assessments against him. Williams also sought to enjoin the MDOR from taking any further collection action on his assessed tax liabilities. On February 13, 2014, the MDOR filed a motion to dismiss Williams's complaint. After a hearing on the MDOR's motion, the chancellor held the motion to dismiss in abeyance and ordered the parties to conduct discovery. Following discovery, the MDOR filed an amended motion to dismiss or, in the alternative, a motion for summary judgment. As in its initial motion to dismiss, the MDOR maintained that, in accordance with statutory requirements, it had provided Williams with

7

notice of his tax liabilities for the years in question and that its collection activities were authorized by Mississippi law.[10] The MDOR further asserted that Williams failed to exhaust his administrative remedies prior to seeking injunctive relief. As a result, the MDOR argued that the chancellor lacked subject-matter jurisdiction to decide the merits of Williams's claim.

¶14.    In her order granting the MDOR's motion to dismiss, the chancellor found that, for each of the five disputed tax assessments, Williams could have either appealed the assessment against him or remitted payment and then sought a refund from the MDOR. *See* Miss. Code Ann. § 27-7-313. However, the chancellor found that, in each instance, Williams failed to even pursue, let alone exhaust, any of the administrative remedies available to him. As a result, the chancellor concluded that she lacked subject-matter jurisdiction to determine the merits of Williams's complaint. The chancellor therefore granted the MDOR's motion to dismiss. Aggrieved by the chancellor's judgment, Williams appeals.

**STANDARD OF REVIEW**

¶15.    This Court reviews de novo a trial court's grant or denial of a motion to dismiss. *McCrory v. Miss. Dep't of Revenue*, 152 So. 3d 1204, 1206 (¶7) (Miss. Ct. App. 2014). "Additionally, a determination of whether a chancery court has jurisdiction also receives a de novo review." *Benson v. Neshoba Cty. Sch. Dist.*, 102 So. 3d 1190, 1193 (¶8) (Miss. Ct. App. 2012) (citation omitted).

¶16.    "[D]ue process requires the government to provide 'notice reasonably calculated,

---

[10] *See* Miss. Code Ann. § 27-7-51(1); Miss. Code Ann. § 27-7-53(1)-(2).

8

under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). A determination of the sufficiency of notice constitutes a question of fact that the appellate court reviews for abuse of discretion. *See generally Collins v. Pinnacle Tr.*, 147 So. 3d 830, 835-36 (¶¶16, 20) (Miss. 2014).

**DISCUSSION**

¶17.    Williams alleges that the MDOR failed to provide him with sufficient notice of the tax assessments, which prevented him from pursuing available administrative remedies to challenge the assessments.[11] Williams further argues that the chancellor erroneously granted the MDOR's motion to dismiss because she retained subject-matter jurisdiction over his complaint pursuant to section 11-13-11.

¶18.    Section 11-13-11 gives the chancery court "jurisdiction of suits by one or more taxpayers in any county, city, town, or village, to restrain the collection of any taxes levied or attempted to be collected without authority of law." In determining whether to grant injunctive relief under section 11-13-11, this Court considers three factors:

> (1) whether the aggrieved taxpayer alleges an inadequate remedy at law in his complaint; (2) whether there is not an adequate remedy at law available to the aggrieved taxpayer; and (3) whether the taxpayer's allegations of fact, if proven to be true, warrant a conclusion that the taxes are being collected or levied without authority of law.

---

[11] The administrative remedies available to Williams provided that a dissatisfied taxpayer possessed the right to appeal an assessment to the Board of Review within a specified time period. *See* Miss. Code Ann. § 27-7-71; Miss. Code Ann. § 27-77-5.

*Bankston v. Miss. Dep't of Revenue*, 95 So. 3d 1275, 1277-78 (¶7) (Miss. Ct. App. 2012) (citation omitted).

¶19.    In the present case, Williams argues that applicable statutory law required the MDOR to send all notices to him by certified mail or personal delivery.  Williams further contends that the MDOR failed to comply with statutory notice requirements and failed to give him actual or constructive notice of the assessments against him.  Without proper notice of the assessments, Williams asserts that he could not pursue an administrative remedy.[12]  As a result, Williams contends that he lacked an adequate remedy at law.  Williams therefore alleges that the MDOR's collection activities against him were without authority of law.

¶20.    In response to Williams's claims, the MDOR asserts that it complied with statutory law and provided Williams sufficient notice of each assessment.  The MDOR also contends that Williams's argument erroneously relies on the statutory notice requirement applicable to extending the statute of limitations for an audit of a taxpayer's return.  In addressing the parties' arguments, we now turn to an application of relevant caselaw and statutory law to the facts of each of the various tax years at issue.

### a.    Williams's 1998 and 2000 Tax Assessments

¶21.    In 2003, Williams filed non-remit tax returns for 1998 and 2000.  The MDOR subsequently sent Williams an assessment for additional taxes owed on each tax return.  With

---

[12] In asserting this argument, Williams raises no challenge to the adequacy of the MDOR's administrative-appeals procedure itself, which the Mississippi Supreme Court has held provides an adequate remedy at law to a taxpayer seeking to contest an assessment. *See Akins v. Miss. Dep't of Revenue*, 70 So. 3d 204, 208-09 (¶¶13-19) (Miss. 2011) (citation omitted).

regard to the 1998 and 2000 assessments, Williams asserts that the MDOR failed to "follow the statutory provisions for mailing each Notice of Assessment and [failed to present] proper proof . . . to the [chancellor] evidencing [his] receipt of notice" of those assessments.

¶22.   Section 27-7-53(1) applies to a non-remit tax return timely filed by a taxpayer. Williams alleges that, prior to 2005, section 27-7-53(1) required the MDOR to send notice of an assessment for a non-remit tax return "by certified mail, return receipt requested, or by personal delivery." Even assuming that Williams's filing in 2003 of his 1998 and 2000 tax returns was timely, he incorrectly cites and applies section 27-7-53(1). An early version of section 27-7-53(1) provided for notice of an assessment to a taxpayer "by certified mail or by personal delivery." Miss. Code Ann. § 27-7-53(1) (Rev. 1991). However, section 27-7-53(1) was later amended, effective July 1, 1992. The version applicable in 2003, when Williams filed his 1998 and 2000 returns, only required the MDOR to send notice of the assessment to the taxpayer "by mail or by personal delivery." Miss. Code Ann. § 27-7-53(1) (Rev. 2003).

¶23.   Thus, Williams erroneously asserts that section 27-7-53(1) required the MDOR to send him notice of his 1998 and 2000 tax assessments by certified mail. Although the MDOR presented evidence to show that it did, in fact, send notice by certified mail, section 27-7-53(1) only required the MDOR to send Williams notice by regular mail.[13] As a result,

---

[13] The MDOR provided the chancellor with an electronic printout from its record system to show that the MDOR sent notice of Williams's 1998 and 2000 tax assessments by certified mail and that it then received the certified-mail return receipts for the mailings. *See* Miss. Code Ann. § 27-3-83(3) (providing for the electronic storage and reproduction of documents).

the record reflects that the MDOR exceeded the notice requirements of section 27-7-53(1) when it sent Williams notice of his 1998 and 2000 tax assessments by certified mail.

¶24. Williams also contends that the MDOR presented insufficient proof that he actually received notice of his 1998 and 2000 tax assessments. At the hearing on its motion to dismiss, the MDOR presented the chancellor with a copy of electronically recorded information documenting Williams's receipt of the certified-mail notices. The MDOR's attorney stated that statutory law did not require the MDOR to keep the actual certified-mail return receipt, referred to as the green card, but only required the MDOR to keep a record that the green card had been returned. In support of this argument, the MDOR's attorney cited section 27-3-83(3), which provides for the electronic storage and reproduction of documents.

¶25. Upon review, we find that the record and applicable statutory law support the chancellor's determination that the MDOR provided sufficient notice to Williams of his 1998 and 2000 tax assessments. We likewise find ample support for the chancellor's determination that the MDOR presented sufficient proof of Williams's receipt of the tax assessments. As a result, we find no abuse of discretion in the chancellor's judgment where Williams's 1998 and 2000 tax assessments are concerned. This issue lacks merit.

### b. Williams's 2007 Tax Assessment

¶26. Williams next challenges his 2007 tax assessment. As the record reflects, in 2010, Williams filed his tax return for 2007. On June 7, 2010, Windmiller, an employee of the MDOR, mailed Williams a letter by regular mail to notify Williams that he owed additional

taxes for 2007. The following day, on June 8, 2010, the MDOR issued Williams a final

assessment notice, again by regular mail, for the additional taxes owed on Williams's 2007

tax return.

¶27. Mississippi Code Annotated section 27-7-49(2) (Rev. 2006) states:

> When an examination of a return made under this article has been commenced, and the taxpayer notified thereof, either by certified mail or personal delivery by an agent of the Commissioner, within the three-year examination period provided in subsection (1) of this section, the determination of the correct tax liability may be made by the Commissioner after the expiration of said three-year examination period, provided that said determination shall be made with reasonable promptness and diligence.

¶28. Williams contends that section 27-7-49(2) applied to his 2007 tax assessment and

required the MDOR to provide notice of the assessment by certified mail rather than regular

mail. The MDOR, however, responds that section 27-7-49(2)'s notice requirement pertains

to the statute of limitations applicable to tax examinations and assessments. As explained

in its appellate brief, the MDOR argues:

> [Section 27-7-49(2)] allowed (and still allows) the MDOR to toll the statute of limitations . . . by sending what is colloquially known as a "statute letter" to the taxpayer by certified mail within the applicable three[-]year statute of limitations. This in turn would allow the MDOR, at the time of Williams'[s] assessments for the 2007, 2008, and 2009 tax periods, to assess a taxpayer with additional income tax outside the three[-]year statute of limitations, assuming that the examination of the taxpayer's return and subsequent assessments were "made with reasonable promptness and diligence." Miss. Code Ann. § 27-7-49(2). A plain reading of this [statute] clearly indicates that the ["]statute letter["] is not mailed to taxpayers to inform them of additional income tax due and to afford them an opportunity to contest the same. Its purpose is to allow the MDOR to make an income[-]tax assessment [that] would otherwise be barred by the statute of limitations.
>
> It was unnecessary for the MDOR to mail Williams a ["]statute letter["] pursuant to [section] 27-7-49(2) for the 2007, 2008, and 2009 tax periods. The

13

assessment for 2007 was issued well within the statute of limitations . . . . Furthermore, this [statute], as the same existed at the time of Williams'[s] assessments, only applied to properly filed returns, not to unfiled returns (like Williams'[s] unfiled returns for the 2008 and 2009 tax periods).

¶29. Instead of section 27-7-49(2), the MDOR argues that section 27-7-51(1) applies to and governs Williams's 2007 tax assessment. Section 27-7-51(1) provides that, where a taxpayer files his return but the correct amount of tax is greater than that shown on the return, the MDOR shall send to the taxpayer "by mail or by personal delivery" its assessment of the additional amount owed. Based on section 27-7-51(1), the MDOR argues that it provided proper notice to Williams of his 2007 tax assessment.

¶30. We agree with the MDOR that section 27-7-51(1) specifically applies to and governs the notice required for Williams's 2007 tax assessment. Because the MDOR provided Williams notice of the assessment by regular mail, as provided by section 27-7-51(1), we find no abuse of discretion in the chancellor's determination that the MDOR provided Williams with sufficient notice. Accordingly, Williams's argument with regard to his 2007 tax return lacks merit.

c. **Williams's 2008 and 2009 Tax Assessments**

¶31. Finally, Williams also challenges the notice provided of his 2008 and 2009 tax assessments. The record reflects no evidence to show that Williams ever filed a tax return for either 2008 or 2009. Where a taxpayer fails to file a tax return, section 27-7-53(2) authorizes the MDOR to determine the taxpayer's liability from the best information available and to send the taxpayer an assessment of the taxes owed "by mail or by personal delivery."

14

¶32. In her June 7, 2010 letter to Williams, Windmiller instructed Williams to send the MDOR his tax returns for 2008 and 2009 within thirty days. After Williams failed to provide his 2008 and 2009 tax returns as requested, the MDOR issued Williams separate assessment notices for each tax period. At the hearing on its motion to dismiss, the MDOR provided the chancellor a copy of electronic records to establish that it issued Williams's 2008 tax assessment by regular mail on July 14, 2010. *See* Miss. Code Ann. § 27-3-83(3). The MDOR further provided the chancellor with proof that it issued Williams's 2009 tax assessment by regular mail on October 24, 2010. Because the evidence in the record supports the chancellor's determination that the MDOR complied with section 27-7-53(2)'s notice requirements for assessments on unfiled tax returns, we find no merit to Williams's argument that he lacked proper notice of these assessments.[14]

**CONCLUSION**

¶33. The record reflects no abuse of discretion in the chancellor's determination that the MDOR provided Williams with sufficient notice of the assessments related to his tax returns for 1998, 2000, 2007, 2008, and 2009. Because Williams failed to pursue the administrative remedies available to him, the chancellor lacked subject-matter jurisdiction over Williams's complaint.[15] As a result, we find no error in the chancellor's grant of the MDOR's motion to dismiss. We therefore affirm the chancellor's judgment.

---

[14] *See Jones*, 547 U.S. at 226 (acknowledging that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (citation omitted)).

[15] *See* Miss. Code Ann. § 11-13-11.

¶34. **THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR. IRVING, P.J., NOT PARTICIPATING.**