# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-SA-01105-COA

**BARRY SKELTON**                                                                              **APPELLANT**

**v.**

**MISSISSIPPI DEPARTMENT OF REVENUE**                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/07/2020 |
| TRIAL JUDGE: | HON. BENNIE L. RICHARD |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | BARRY SKELTON (PRO SE) |
| ATTORNEYS FOR APPELLEE: | JOHN STEWART STRINGER |
| | BRIDGETTE TRENETTE THOMAS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 01/25/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     The Mississippi Department of Revenue (MDOR) audited B & C Slices Inc. (B&C) and the company's owners, Barry and Claire Skelton (collectively referred to as the Taxpayers), for the periods August 2013 through May 2016. The MDOR assessed sales taxes in the amount of $1,109 to B&C, use tax in the amount of $849 against Barry Skelton, and individual income taxes in the amount of $7,459 against Barry and Claire Skelton. The Taxpayers filed an appeal with the MDOR's Review Board, which upheld the MDOR's decision but amended the sales-tax assessment from $1,109 to $999.45 and the use-tax assessment from $849 to $774. Dissatisfied, the Taxpayers appealed the decision to the

Board of Tax Appeals (BTA). After a hearing, the BTA issued orders on May 15, 2018, affirming the MDOR's decision.[1]

¶2. The Taxpayers filed a petition with the Washington County Chancery Court on July 13, 2018, seeking relief from the BTA's orders. A copy of the petition was mailed to the BTA. On November 16, 2018, the MDOR filed a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(5), alleging the Taxpayers failed to serve the MDOR with a summons and copy of the petition within 120 days of filing the petition, as required under Mississippi Rule of Civil Procedure 4(h). The motion further noted that the Taxpayers had not requested additional time to perfect service, nor had they shown good cause why service was not made within the 120 days.

¶3. On November 26, 2018, the Taxpayers had a summons issued to the MDOR commissioner Herb Frierson; service of the summons and petition was attempted through certified mail. On December 7, 2018, the Taxpayers filed a petition opposing the MDOR's motion to dismiss and filed a separate motion for summary judgment, asserting that the MDOR had notice of the appeal (through the petition sent to the BTA in July 2018) and had failed to file a timely answer.

¶4. A hearing was held before the chancery court on February 11, 2019. Barry Skelton appeared pro se. Skelton's stated reason for not effecting timely service of process was that he thought it was the chancery clerk's responsibility under Mississippi Code Annotated section 27-77-7(5) (Rev. 2017) to issue the summons. Skelton further argued that section 27-

---

[1] The BTA further reduced the sales-tax assessment to $824.45 but increased the use-tax assessment to $813 and the income-tax assessment to $7,988.

77-7(5), which states that a summons should be issued to the MDOR commissioner,[2] conflicted with Mississippi Rule of Civil Procedure 4(d)(5), which provides that the summons and complaint are to be served "[u]pon the State of Mississippi or any one of its departments, officers or institutions, by delivering a copy of the summons and complaint to the Attorney General of the State of Mississippi." The MDOR responded that regardless of which entity should have been served, neither the MDOR nor the Attorney General was served in a timely manner. On February 28, 2019, the Taxpayers filed a motion seeking additional time to perfect service of process. On March 4, 2019, the Taxpayers effected service of process on the Mississippi Attorney General's office under Rule 4(d)(5).

¶5.     The chancery court entered an order of dismissal on February 7, 2020, finding that the Taxpayers had not effectuated service of process nor asked for additional time to do so prior to November 13, 2018, when the 120 days expired.[3] Skelton appeals from the court's judgment.[4] Finding no error, we affirm.

## DISCUSSION

¶6.     "This Court reviews de novo a trial court's grant or denial of a motion to dismiss."

---

[2] Section 27-77-7(5) requires that "[w]here the agency is the respondent, the summons shall be served on the agency by personal service on the commissioner as the chief executive officer of the agency."

[3] In granting the motion to dismiss, the chancery court rendered the outstanding motions by the Taxpayers moot.

[4] Although the notice of appeal designates the Taxpayers as the named appellants, subsequent documents filed with the Mississippi Supreme Court list Barry Skelton as the only appellant of record. We find the distinction immaterial for purposes of this appeal, and we will refer to the appellant(s) hereinafter as "Skelton."

*Williams v. Morgan*, 201 So. 3d 1073, 1078 (¶15) (Miss. Ct. App. 2016) (citing *McCrory v. Miss. Dep't of Revenue*, 152 So. 3d 1204, 1206 (¶7) (Miss. Ct. App. 2014)). Rule 4(h) provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

M.R.C.P. 4(h). Skelton does not dispute the chancery court's finding that service of process was not made upon either the MDOR or the Attorney General within the 120 days after filing the petition with the court. Skelton merely contends that the record demonstrates he "attempted service of process more than once and perfected service of process" on the Attorney General on March 14, 2019. He also notes that service of process was attempted on the MDOR's commissioner. We agree with the MDOR's assertion that none of Skelton's "attempts at service comported with the mandatory requirements of the Mississippi Rules of Civil Procedure."

¶7. Skelton argues that the MDOR had notice of the appeal to chancery court because a copy of the petition was provided to the BTA when the petition was filed. However, the BTA is "an independent agency which shall not in any way be subject to the supervision or control of the Department of Revenue." Miss. Code Ann. § 27-4-1(1) (Rev. 2017). Furthermore, in *Perry v. Andy*, 858 So. 2d 143, 148 (¶¶21-22) (Miss. 2003), the Mississippi Supreme Court expressly held even when a defendant is given notice through delivery of the complaint, a pro se plaintiff "must be held to a strict compliance standard under [Rule] 4(h)."

4

Therefore, delivery of the petition to the BTA did not cure any defects in the service of process.

¶8. Additionally, Skelton summarily claims the chancery court erred in granting the MDOR's motion to dismiss because he "demonstrated good cause to allow additional time to perfect service upon the proper entity." Yet Skelton fails to provide the Court with any specific argument that "good cause" existed. At the hearing below, Skelton asserted his mistaken belief that the chancery clerk would issue the summons. But as the chancellor properly explained to Skelton, there is nothing in the statute stating who must serve the summons. "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, 'as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Butler v. Ray*, 302 So. 3d 670, 673 (¶11) (Miss. Ct. App. 2020) (quoting *Priede v. Jones*, 282 So. 3d 1266, 1272 (¶15) (Miss. Ct. App. 2019)). "[A] pro se litigant's ignorance of the rules is no cause." *Id*. at 674 (¶13).

¶9. Lastly, we address Skelton's contention that "[a]mbiguity exists between . . . Rule 4(d)(5) and [section] 27-77-7(5)" as to whether the MDOR's commissioner or the Attorney General was to be served. We find this argument irrelevant, as Skelton failed to have a summons issued and properly served on either entity by the 120-day deadline mandated in Rule 4(h). In any event, the supreme court has held "that the Mississippi Rules of Civil Procedure govern Section 27-77-7 tax appeals—once they are filed—in chancery court." *Southside Inc. v. Miss. Dep't of Revenue ex rel. Morgan*, 158 So. 3d 277, 279-80 (¶10) (Miss.

5

2014).

¶10. As expressed by the chancellor in his order, we are "sympathetic to and recognize[] the extent of Petitioner's pro se efforts," but the law is clear in this instance. Because Skelton did not effect timely service of process under Rule 4(h), we find no error in the chancery court's findings and affirm the judgment of dismissal.

¶11. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**