ROBERTS, J.,
for the Court:
¶ 1. On June 25, 2008, the Mississippi Department of Revenue (MDOR) assessed *1276 $250,471 against Justin Bankston and Bankston Fence, Inc. for tax penalties and interests for an audit period of January 1, 2005, through December 31, 2007.[1] Bank-ston appealed the assessment to the MDOR Board of Review (Board). The Board held a hearing and subsequently entered an order affirming the assessment but reducing the amount to $197,125. The Board’s order was entered on August 26, 2009. Bankston filed an appeal of the Board’s order to the MDOR’s Full Commission on September 28, 2009. The Full Commission dismissed Bankston’s appeal as untimely since it was filed beyond the thirty-day period provided in Mississippi Code Annotated section 27-77-5(4) (Rev. 2005).[2] Bankston was granted a hearing before the Full Commission on the sole issue of the timeliness of his appeal. On June 1, 2010, the Full Commission entered an order denying Bankston’s appeal as untimely. Bankston then filed suit in the Hinds County Chancery Court seeking relief from the Full Commission’s June 1, 2010 order. The chancery court dismissed Bankston’s case-, stating that it lacked subject-matter-jurisdiction and that Bankston was not entitled to injunctive relief because he had an adequate remedy at law. It is from this dismissal that Bankston now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. Bankston was the sole proprietor of Bankston Fence until 2008, when he incorporated his business and became the sole shareholder of Bankston Fence, Inc. In 2008, the MDOR audited Bankston Fence for the period of January 1, 2005, through December 31, 2007. On June 6, 2008, the MDOR assessed $250,471 in tax penalties and interest against Bankston for that period. Bankston did not receive notice of this assessment until October 20, 2008, when it was hand delivered to him. He requested a hearing before the Board on November 6, 2008, but the following day, the Board denied Bankston’s request, finding that it was untimely because it had been over thirty days since the assessment was entered. Then, on November 11, 2008, the Board changed its decision and granted Bankston a hearing. Bankston’s hearing before the Board was held on April 7, 2009. The Board entered an order on August 26, 2009, affirming the assessment but reducing the amount of the assessment to $197,125.
¶ 3. On September 28, 2009, Bankston filed an appeal of the Board’s order to the Full Commission. The Full Commission dismissed his appeal because it was untimely filed since Bankston failed to appeal to the Full Commission within thirty days from the date the Board entered its order on August 26, 2009. Bankston requested a hearing on the issue of the timeliness of his appeal before the Full Commission, and a hearing was held on December 2, 2009. Before the Full Commission issued its order, the MDOR sent Bankston a new assessment on February 4, 2010, which again stated the assessment was for $197,125. Bankston requested a hearing *1277 before the Board on the new assessment, but he was informed that this February 4, 2010 assessment was issued in error, and his request for a hearing on it was denied. On June 1, 2010, the Full Commission entered its order, regarding the December 2, 2009 hearing, finding that the appeal Bankston filed on September 28, 2009, was untimely and properly dismissed. Bank-ston again requested a hearing on the February 4, 2010 assessment, but his request was denied again.
¶ 4. On July 2, 2010, Bankston filed suit in the chancery court seeking relief from the Full Commission’s June 1, 2010 order dismissing his appeal as untimely filed. He also sought to have the chancery court order the Board to conduct a hearing on the February 4, 2010 assessment. Additionally, Bankston requested the chancery court issue a writ of mandamus directing the MDOR to consider of the merits of his appeal of the Board’s order. The chancery court dismissed Bankston’s action on April 26, 2011, finding that it lacked subject-matter-jurisdiction to hear the action and that Bankston was not entitled to in-junctive relief since there was an adequate remedy at law available to him.
¶ 5. Bankston now appeals the chancery court’s dismissal of his action. He raises the following issues on appeal:
I. Whether the chancery court erred in holding that it lacked subject[-] matter[-]jurisdiction under [Mississippi Code Annotated section 11-13-11] to enjoin the [MDOR] from collecting contractor’s tax assessed against [Bankston] for the periods of January 1, 2005[,] through December 31, 2007, because he was wrongfully deprived of his right to an administrative hearing before the [MDOR] as provided by [Mississippi Code Annotated section 27-77-5(4) ].
II. If the [appellate court] determines that the [chancery court] erred in deciding the first issue, the [appellate court] must also consider whether the [chancery court] also erred in determining that dismissal was required because [Bankston] ... failed to post adequate security as required by [Mississippi Code Annotated section] 11-13-13.
STANDARD OF REVIEW
¶ 6. Because a review of the jurisdiction of a trial court to hear an action is a question of law, an appellate court applies a de novo standard of review. Burch v. Land Partners L.P., 784 So.2d 925, 927 (¶ 7) (Miss.2001) (citing Saliba v. Saliba, 753 So.2d 1095, 1098 (¶ 11) (Miss.2000)).
ANALYSIS
I. Subject-Matter Jurisdiction
¶ 7. The primary issue Bankston raises on appeal is whether the chancery court properly dismissed his petition because it lacked subject-matter-jurisdiction. Bankston argues that Mississippi Code Annotated section 11-13-11 provided the chancery court subject-matter-jurisdiction over the petition. Section 11-13-11 states: “The chancery court shall have jurisdiction of suits by one or more taxpayers in any county, city, town, or village, to restrain the collection of any taxes levied or attempted to be collected without authority of law.” In determining whether injunc-tive relief is proper, particularly under section 11-13-11, trial courts apply the following three-part guideline: (1) whether the aggrieved taxpayer alleges an inadequate remedy at law in his complaint; (2) whether there is not an adequate remedy at law available to the aggrieved taxpayer; and (3) whether the taxpayer’s allegations of fact, if proven to be true, warrant a conclusion that the taxes are being collected or *1278 levied without authority of law. Marx v. Truck Renting & Leasing Ass’n, 520 So.2d 1333, 1339 (Miss.1987) (internal citations omitted).
¶ 8. In its order, the chancery court held that section 11-13-11 did not confer subject-matter jurisdiction in this case because Bankston had an adequate remedy at law through Mississippi Code Annotated section 27-77-7 even though Bankston alleged there was no adequate remedy at law for his claim that he was wrongfully deprived of his right to an administrative appeal. Section 27-77-7(1), as it read in 2008 when Bankston’s suit was filed, provided the following: “The findings and order of the [Full C]ommission entered under [sjection 27-77-5 shall be final unless the taxpayer shall, within thirty (30) days from the date of the order, file a petition in the chancery court appealing the order and pay the tax or post the bond as required in this chapter.” The chancery court stated that an appeal through section 27-77-7(1) would be an administrative appeal from the Full Commission’s order, and the chancery court would have to consider the whole record, including the timeliness of Bankston’s appeal and the Board’s decision to dismiss an appeal as untimely. To provide further support that Bankston had an adequate remedy at law, the Legislature has mandated:
Failure to timely file a written appeal with the [Commission secretary within the thirty-day period shall make the order of the [Board] final and not subject to further review by the [C]ommission or a court, other than as to the issue of whether a written appeal from the order of the [Board] was timely filed with the [C]ommission secretary.
Miss.Code Ann. § 27-77-5(4). Based on this language in the statute, section 27-77-5(4) provides Bankston the relief he is seeking in that a court could review whether his appeal was timely filed. Ultimately, an appeal under section 27-77-5(4) would be a review of whether Bankston was denied his right to an administrative appeal. As such, Bankston had an adequate remedy at law and was not entitled to injunctive relief under section 11-13-11.
¶ 9. We agree with the chancery court’s finding that Bankston had an adequate remedy at law through pursuing an appeal under section 27-77-7. However, even assuming arguendo that Bankston did not have an adequate remedy at law, his request for injunctive relief still fails because he failed to prove that the taxes were being collected without the authority of law. The chancery court found section 11-13-11 was inapplicable because “Bank-ston [did] not seek to restrain the collection of taxes levied or attempted to be collected without authority of law. Instead, Bankston [sought] to appeal an assessment of tax to which he objects.” Bankston submits that the MDOR’s failure to apply the Mississippi Administrative Procedures Law (MAPL) wrongfully deprived him of his hearing before the Full Commission on the merits; therefore, the taxes assessed to him are being collected without the authority of law and should be restricted. Mississippi Code Annotated section 27-77-5(4) provides that Bankston had thirty days “from the date of the order of the [Board] being contested, [to] file an appeal to the [C]ommission.” Contrary to Bankston’s argument that the statute does not provide the proper procedure to calculate the time period and that the MAPL, codified in Mississippi Code Annotated section 25-43-1.101, is applicable, it is apparent to this Court that the thirty-day period begins “from the date of the order,” as the statute clearly and unambiguously states. A statute that is plain and unambiguous requires no other statutory interpretation. Herndon v. Miss. Forestry *1279 Comm’n, 67 So.3d 788, 792 (¶ 10) (Miss.Ct. App.2010) (quoting Miss. Methodist Hosp. and Rehabilitation Ctr., Inc. v. Miss. Div. of Medicaid, 21 So.3d 600, 607 (¶ 18) (Miss.2009)). Because the statute clearly addresses when to begin the thirty-day period, the application of the MAPL is unnecessary, and the MDOR had the proper authority to collect and levy the taxes.
¶ 10. This issue is without merit.
II. Failure to Post a Security or Bond
¶ 11. Because the first issue addressed is dispositive, we decline to address the issue of whether the chancery court erred in finding that Bankston’s failure to post a security or bond as required by statute was a proper ground for dismissal.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT.

. In 2009, the Mississippi State Tax Commission (MSTC) was reorganized and is now the Mississippi Department of Revenue (MDOR). Miss.Code Ann. § 27-3-1 (Rev.2010). The parties refer to the MDOR as the MSTC, which was its name at the time of the original suit, but for the purposes of this opinion, we refer only to the MDOR to avoid confusion.

. Mississippi Code Annotated section 27-77-5 was amended in 2009, and the amendments took effect on July 1, 2010. Because this action predated the amendment, our analysis in this case relies on the statute as it existed before the amendment. Among other changes, a current reading of the statute extends period for filing an appeal from thirty days to sixty days.