# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01743-COA

**ENSCOR, LLC, JEFFREY C. SMITH AND CYNTHIA H. SMITH, INDIVIDUALLY**                                                                  **APPELLANTS**

**v.**

**ED MORGAN, IN HIS OFFICIAL CAPACITY AS THE COMMISSIONER OF REVENUE OF THE MISSISSIPPI DEPARTMENT OF REVENUE**                                                                  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/17/2016 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANTS: | JAMES GARY MCGEE JR. WILLIAM HARRISON WEBB |
| ATTORNEYS FOR APPELLEE: | JOHN STEWART STRINGER LARA E. GILL |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 05/15/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND WILSON, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Enscor LLC (Enscor), a Tennessee-based general construction company licensed in Mississippi, was audited by the Mississippi Department of Revenue (DOR) for the tax period beginning April 1, 2011, and ending April 30, 2014.  A notice of the audit was sent to Enscor via certified mail.  Following the audit, the DOR issued Enscor a withholding tax assessment of $51,099.

¶2.     On October 23, 2014, Enscor, through its attorney and authorized representative,

James McGee Jr., appealed the assessment to the DOR's Board of Review pursuant to Mississippi Code Annotated section 27-77-5(1) (Rev. 2010), which provides in part:

> Any taxpayer aggrieved by an assessment of tax by the agency . . . and who wishes to contest the action of the agency shall, within sixty (60) days from the date of the action, file an appeal in writing with the [B]oard of [R]eview requesting a hearing and correction of the contested action specifying in detail the relief requested and any other information that might be required by regulation.

McGee instructed the DOR to forward all further communications to his law office in Jackson, Mississippi. The Board of Review scheduled a hearing on the appeal for March 19, 2015, and mailed a letter to McGee's office on November 12, 2014, as notification of the hearing. The letter stated that the failure to appear at the hearing would constitute a withdrawal of the appeal and, once withdrawn, the assessment could not be appealed.[1] On March 11, 2015, the DOR sent an email to Sandra Crosby, an employee with McGee's firm, as a courtesy reminder of the hearing. However, no Enscor representative attended the hearing; so the Board of Review involuntarily withdrew Enscor's appeal, making the assessment subject to collection by the DOR.

¶3.    Upon learning of the involuntary withdrawal of its appeal, Enscor insisted it did not receive notification of the hearing date and filed a timely petition contesting the withdrawal with the Mississippi Board of Tax Appeals (BTA). The BTA scheduled a hearing on February 17, 2016, specifically to address the issue of the withdrawal of Enscor's appeal.

---

[1] This notice was in accordance with Mississippi Code Annotated section 27-77-5(2) (Rev. 2010), which states that the "[f]ailure of the taxpayer or his designated representative to attend a hearing or to submit his position in writing or by electronic transmission by the date specified by the [B]oard of [R]eview or by the hearing date, if no date was specified, shall constitute a withdrawal of the appeal."

2

At the hearing, the DOR argued that once the appeal had been involuntarily withdrawn, the matter was final and "no longer subject to review by the Review Board, [BTA], or any court," citing section 27-77-5(8) (Rev. 2010), which read:

> Once an appeal is withdrawn, whether voluntary or involuntary, the action from which the appeal was taken, whether a tax assessment, a denial of [a] refund claim, a denial of [a] waiver of tax penalty, or an order of the [B]oard of [R]eview, shall become final and *not subject to further review by the [B]oard of [R]eview, the [BTA] or a court*. The agency shall then proceed in accordance with law based on such final action.

(Emphasis added). The DOR further asserted that Enscor had failed to rebut the presumption that notice of the hearing "was properly delivered and received." Enscor was represented at the hearing by another attorney with McGee's law firm. Requesting that the BTA grant Enscor's request to reconsider the audit results, Enscor's counsel explained:

> In summary, we do not contest the factual and legal conclusions reached by the [DOR] on [its] motion to dismiss. It seems pretty straightforward in this case that generally not appearing before the Board of Review would result in an involuntary withdrawal of the appeal.
>
> As I'm sure [you] are all aware, we represent hundreds of clients before the [DOR] in disputes all the time. It was never our intention to withdraw the appeal or to somehow negligently fail to appear.
>
> That being said, we would like to submit to the Board that it was an unfortunate sequence of events that occurred in our offices which led us to not put the Board of Review date on our calendar.

¶4. On March 2, 2016, the BTA affirmed the Board of Review's decision to involuntarily withdraw Enscor's administrative appeal, concluding:

> IT IS, THEREFORE, HEREBY ORDERED AND ADJUDGED by the [BTA] that the [DOR's m]otion to [d]ismiss is sustained and the taxpayers' appeal is DISMISSED with prejudice and that the tax assessment from which the appeal was taken has become final and is *not subject to further review by the Board*

3

*of Review, the* [*BTA*] *or a court* and that the [DOR] may proceed in accordance with law based upon such final action.

(Emphasis added). The DOR instituted collections on the withholding tax assessment by enrolling a lien against Enscor.

¶5.     Seeking relief, Enscor, along with Jeffrey and Cynthia Smith (the principals of Enscor), filed a complaint with the Hinds County Chancery Court on June 22, 2016, against Ed Morgan, in his official capacity as Commissioner of the DOR.[2] The action requested that the chancery court assume jurisdiction under Mississippi Code Annotated section 11-13-11 (Rev. 2004), which provides the chancery court with "jurisdiction of suits by one or more taxpayers in any county, city, town[,] or village, to restrain the collection of taxes levied or attempted to be levied without authority of law." Determining whether jurisdiction is proper under section 11-13-11 requires the application of a three-part guideline by the chancery court:

> (1) whether the aggrieved taxpayer alleges an inadequate remedy at law in his complaint; (2) whether there is not an adequate remedy at law available to the aggrieved taxpayer; and (3) whether the taxpayer's allegations of fact, if proven to be true, warrant a conclusion that the taxes are being collected or levied without authority of law.

*Bankston v. Miss. Dep't of Revenue*, 95 So. 3d 1275, 1277-78 (¶7) (Miss. Ct. App. 2012). Asserting that it had "satisfied the criteria" for the court to exercise jurisdiction and that the DOR assessed the withholding tax without authority of law, Enscor sought to vacate the BTA's findings and enjoin the DOR from the collection of said taxes.

---

[2] As of the date of the BTA order, the DOR had made no attempt to collect any of the tax assessment owed directly from Enscor's principals, the Smiths. We will refer to the appellants collectively as "Enscor" unless otherwise specified.

4

¶6.     The DOR filed a motion to dismiss, or in the alternative, a motion for summary judgment. It claimed the chancery court lacked subject-matter jurisdiction because Enscor did not sufficiently plead all the requisite elements for jurisdiction under section 11-13-11, noting Enscor had an adequate remedy under law to appeal the BTA's order under section 27-77-7(1), which provides for judicial review of a BTA order by a taxpayer.[3] Alternatively, the DOR argued that should the court determine it had subject-matter jurisdiction, the DOR's notification of the March 19, 2015 hearing satisfied due process, and the Smiths failed to state a claim upon which relief could be granted since the DOR levied the tax assessment against Enscor, not the Smiths as individual plaintiffs. In response, Enscor submitted an affidavit from Crosby, McGee's employee, which stated that after a thorough search, "there exist[ed] no records of McGee Tax Firm ever receiving a [n]otice from the Board of Review advising us or [Enscor] that a hearing had been scheduled before the Board of Review in this matter."

¶7.     After a review of the pleadings and a hearing, the chancery court granted the DOR's motion to dismiss with prejudice on November 17, 2016. The chancery court found that Enscor had failed to perfect subject-matter jurisdiction because it did not exhaust its administrative remedies as required by law under Mississippi Code Annotated section 27-77-5(8) (Rev. 2015), which provided a recently added exception to the finality of review for "the issue of whether a taxpayer's actions or inaction constituted a failure on the part of the

___

[3] Section 27-77-7(1) stated in part:  "The findings and order of the [BTA] entered under Section 27-77-5 shall be final unless the agency or the taxpayer shall, within sixty (60) days from the date of the order, file a petition in the chancery court appealing the order."

taxpayer to prosecute his appeal."[4]  Thus, the chancery court determined that it was "precluded from considering whether the facts support the conclusion that the taxes were collected without authority of law."

¶8.    Aggrieved, Enscor appeals.  While we find that the chancery court erred in holding that Enscor had an adequate remedy at law available, we conclude that neither the factual allegations in the pleadings nor the summary-judgment materials support the conclusion that the DOR acted without authority of law.  Accordingly, we affirm on alternative grounds.

**ANALYSIS**

¶9.    Enscor argues that the chancery court erred in granting the DOR's motion to dismiss because the court had subject-matter jurisdiction over Enscor's claim under section 11-13-11. "A dismissal for lack of subject[-]matter jurisdiction is reviewed de novo." *Schmidt v. Catholic Diocese of Biloxi*, 18 So. 3d 814, 821 (¶13) (Miss. 2009) (citing *Robinson v. TCI/US West Commc'ns*, 117 F.3d 900, 904 (5th Cir. 1997)).  "When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Jones v. Billy*, 798 So. 2d 1238, 1239 (¶2) (Miss. 2001) (citing *Lang v. Bay St. Louis/Waveland Sch. Dist.*, 764 So. 2d 1234, 1236 (¶7) (Miss. 1999)).

¶10.    As mentioned, a chancery court has subject-matter jurisdiction over a taxpayer's claims to restrain the collection of taxes where the following criteria are met:  (1) the aggrieved taxpayer's complaint alleges "an inadequate remedy at law"; (2) no adequate

---

[4] A 2015 amendment to section 27-77-5(8) provided this additional language allowing for an appeal of this distinct issue.

remedy at law is available to the taxpayer; and (3) the factual allegations made by the taxpayer, if proven, "warrant a conclusion" that the challenged taxes "are being collected or levied without authority of law." *Bankston*, 95 So. 3d at 1277-78 (¶7). Enscor claims that it "acted properly in filing its [p]etition under [section] 11-13-11" and "satisfied the three-pronged analysis which sets forth the threshold criteria for the [c]hancery [c]ourt to exercise jurisdiction over this case."

¶11. The chancellor determined that Enscor had an adequate remedy at law, but Enscor contends it had no available remedy to challenge the involuntary withdrawal of its appeal. The basis for the chancellor's finding was the 2015 revision to section 27-77-5(8), which provided in part:

> Once an appeal is withdrawn, whether voluntary or involuntary, the action from which the appeal was taken, whether a tax assessment, a denial of refund claim, a denial of waiver of tax penalty, or the denial of a claim to tax credits or incentives, or an order of the Board of Review, shall become final and not subject to further review by the Board of Review, the [BTA] or a court, *other than as to the issue of whether a taxpayer's actions or inactions constituted a failure on the part of the taxpayer to prosecute his appeal*. The agency shall then proceed in accordance with law based on such final action.

(Emphasis added). The parties do not dispute that the 2015 revision was not applicable in this case because the taxes were assessed in 2014.[5] Rather, the present case is governed by

---

[5] Section 19 of House Bill 799, which provided the 2015 amendments to section 27-77-5, stated that the provisions of the law in effect at the time of an assessment were to remain in effect for the purposes of an administrative appeal or judicial review:

> Nothing in Sections 15, 16 or 17 of this act shall affect or defeat any assessment, refund claim, request for waiver of a tax penalty or claim for tax credits or incentives or the administrative appeal or judicial appeal thereof where the initial date of said assessment, refund claim, tag penalty, claim for tax credits or incentives is before the date on which this act becomes effective.

the 2010 version of section 27-77-5(8), which stated that "[o]nce an appeal is withdrawn, whether voluntary or involuntary, the action from which the appeal was taken . . . shall become final and *not subject to further review by the* [*B*]*oard of* [*R*]*eview, the* [*BTA*] *or a court*." (Emphasis added). *See also Virk v. Miss. Dep't. of Revenue*, 133 So. 3d 809, 813-15 (¶¶8-11) (Miss. 2014) (upholding a chancery court's finding that the appellant's failure to attend a Board of Review hearing "made his assessment final" and determining there was no statutory authority under section 27-77-5(8) to hear his appeal in the BTA or the chancery court).

¶12.    However, the DOR argues that because Mississippi Code Annotated section 27-77-7(1) (Rev. 2010) provided for judicial review of a BTA ruling, Enscor was afforded an adequate remedy at law under that statute to challenge the appeal's involuntary withdrawal. To support its argument, the DOR cites *Bankston*, in which this Court upheld a chancery court's finding that it lacked subject-matter jurisdiction because the claimant had an adequate remedy at law under section 27-77-7(1). *Bankston*, 95 So. 3d at 1278 (¶9). But unlike the present case, the appellant's ability to appeal in *Bankston* originated from Mississippi Code Annotated section 27-77-5(4) (Rev. 2005), which allowed for a taxpayer to appeal "the issue

---

The provisions of the laws relating to the administrative appeal or judicial review of such actions which were in effect prior to the effective date of this act are expressly continued in full force, effect and operation for the purpose of providing an administrative appeal and/or judicial review of any assessment, refund claim, request for waiver of a tag penalty or claim for tax credits or incentives where the initial date of said assessment, refund claim, tag penalty, claim for tax credits or incentives is before the date on which this act becomes effective.

2014 Miss. Laws ch. 476, § 19.

8

of whether a written appeal from the order of the Board was timely filed with the [State Tax] Commission."[6] *Id*. at 1278 (¶8) (quoting section 27-77-5(4)).[7]

¶13. Therefore, we find *Bankston* distinguishable. Here, the 2010 version of section 27-77-5(8) precluded Enscor from appealing the assessment and deprived the BTA from jurisdiction over said appeal. Enscor properly alleged an inadequate remedy at law, and no adequate remedy at law was available to review the involuntary withdrawal of Enscor's appeal. Accordingly, the chancery court's finding that Enscor had an adequate remedy at law under section 27-77-5(8) was erroneous.

¶14. The chancery court did not address Enscor's claim that the DOR acted without authority of law in levying the tax assessment. Enscor does not dispute that it was notified of the tax assessment levied against it; nor does it contend that the DOR lacked authority under the law to levy the taxes. Rather, Enscor argues that the DOR acted without authority of law by failing to notify Enscor of the Board of Review hearing and to provide it an opportunity to defend itself, which it asserts was a violation of its due-process rights. Upon review, we find that the allegations contained in the pleadings, "if proven," fail to support Enscor's claim.

¶15. "Due process does not require that a property owner receive actual notice before the

---

[6] This is similar language to that in the revised 2015 version of 27-77-5(8) allowing an appeal for "the issue of whether a taxpayer's actions or inactions constituted a failure on the part of the taxpayer to prosecute his appeal."

[7] As in this case, we noted in *Bankston* that the applicable statute had been amended, but because "the action predated the amendment," the Court's analysis necessarily relied "on the statute as it existed before the amendment." *Bankston*, 95 So. 3d at 1276 n.2.

government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, "due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

> This notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied.

*Mullane*, 339 U.S. at 314-15 (citations omitted).

¶16. In its complaint, Enscor asserted that neither it nor its representative "received a timely notice from the [DOR] that a hearing date had been scheduled for [the] appeal." Enscor acknowledged the notification letter was "*allegedly sent*" to McGee and admitted that a copy of the letter was "subsequently provided to counsel" after the hearing, affirming the existence of the letter. However, Enscor argued that this notice "was not provided in time to make anyone aware" of the hearing.[8] Enscor further asserted that the DOR was "unable to provide any documentation that this [n]otice was actually sent to or received by [Enscor's] representative[,]" because the "important document" was sent "merely . . . via regular U.S. mail." In other words, the DOR had no certified mail receipt to demonstrate the notice was

---

[8] A copy of a letter dated November 12, 2014, notifying Enscor of the hearing and addressed to Enscor's designated representative, McGee, was attached to the DOR's motion to dismiss, along with affidavits of the DOR's standard operating procedures with regard to the mailing of notices. This will be more fully addressed in our discussion of the DOR's alternative summary-judgment motion.

sent or received.

¶17.   "[A] 'mere denial of receipt [of notice] is insufficient to create a triable issue of fact.'" *Holt v. Miss. Emp't Sec. Comm'n*, 724 So. 2d 466, 470 (¶19) (Miss. Ct. App. 1998) (quoting *Fidelity Fin. Servs. v. Stewart*, 608 So. 2d 1111, 1113 (Miss. 1992)).   Here, Enscor's pleadings merely deny receipt of notice.  Moreover, the DOR was not required under the law to send notice by certified mail.  Mississippi Code Annotated section 27-77-1(o) (Rev. 2010) provided:

> "Mail," "mailed" or "mailing" means placing the document or item referred to in first-class United States mail, postage prepaid, addressed to the person to whom the document or item is to be sent at the last known address of that person.  Where a person is represented in an administrative appeal before a hearing officer, the [B]oard of [R]eview or the [BTA] by a designated representative, the terms "mail," "mailed" or "mailing" when referring to sending a document or item to that person shall also mean placing the document or item referred to in first-class United States mail, postage prepaid, to the last known address of that person's designated representative. *Mailing to the designated representative of a taxpayer . . . shall constitute mailing and notice to the taxpayer*[.]

(Emphasis added).   "There is a presumption that mail deposited, postage prepaid and properly addressed is timely delivered to the person addressed." *Thames v. Smith Ins. Agency Inc.*, 710 So. 2d 1213, 1216 (¶16) (Miss. 1998) (citing *Hagner v. United States*, 285 U.S. 427, 430 (1932)).

¶18.   With regard to the courtesy email reminder sent a week before the hearing, it is evident from the pleadings that Enscor's failure to receive this later notice of the hearing was due not to any failure on the part of the DOR, but to the law firm's computer system designating the email as "spam" and placing it in a separate "spam" folder.  The pleadings

stated:

> [O]n March 11, 2015, Ms. Sandrel Nichols, an administrative assistant employed by the [DOR], *allegedly sent* an email to [McGee] advising that the hearing was scheduled for the date listed above. However, [McGee] *never received* this correspondence and was unable to reply accordingly. *It was only some time later that the email was discovered, in the representative's spam folder.* . . . Having *never received any notice* that a hearing had been scheduled on their behalf by the [DOR's] Board of Review, neither the Plaintiffs no[r] their representative appeared or presented any arguments or evidence to the Defendants in advance of the unilaterally scheduled hearing.

(Emphasis added). We find it somewhat disingenuous that Enscor would assert the email was "allegedly sent," but admit that the email was later discovered in its "spam" folder.

¶19. We find that the pleadings show that the DOR provided notice "reasonably calculated" to notify Enscor of the hearing and afford it an opportunity to dispute the tax assessment. Accordingly, while Enscor satisfied the first two criteria under section 11-13-11, we find the pleadings failed to demonstrate that the DOR acted without authority of law, and we affirm the chancery court's dismissal for lack of subject-matter jurisdiction, albeit on alternative grounds. *See Askew v. Askew*, 699 So. 2d 515, 519 n.3 (Miss. 1997) ("[A] trial court judgment may be affirmed on grounds other than those relied upon by the trial court.").

¶20. We further find that Enscor failed to produce sufficient evidence to survive the DOR's motion for summary judgment. Attached to the DOR's motion was a copy of the November 21, 2014 notification letter and two affidavits from DOR employees, Sandrel Nichols and Carlton McGrone, attesting the notice letter had been sent through the U.S. mail system and addressed to McGee's law firm.[9] Enscor responded with an affidavit by McGee's employee,

---

[9] Also attached was the transcript of the BTA hearing, in which counsel for Enscor acknowledged that the failure to appear at the Board of Review hearing was due to an

12

Crosby, in which she merely averred that she did "not recall, nor have any evidence of receipt" of the notice. "[T]o survive summary judgment, 'the party opposing the motion may not rest upon the mere allegations or denials of his pleadings, but his response must set forth specific facts showing there is a genuine issue for trial.'" *Huynh v. Phillips*, 95 So. 3d 1259, 1262 (¶6) (Miss. 2012). As previously stated, due process merely requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Jones*, 547 U.S. at 226. We find Enscor failed to demonstrate the existence of a genuine issue of material fact that its due-process rights were violated.

¶21.   **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.   TINDELL, J., NOT PARTICIPATING.**

---

"unfortunate sequence of events that occurred in our offices which led us to not put the Board of Review date on our calendar."